United States Court of Appeals,

Eleventh Circuit.

No. 95-8120.

UNITED STATES of America, Plaintiff-Appellee,

v.

Harry Leon SMITH, III, Defendant-Appellant.

Dec. 5, 1996.
(As Amended 2/20/97)

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR-149), Richard C. Freeman, Judge.

Before BARKETT, Circuit Judge, and DYER and HILL, Senior Circuit Judges.

BARKETT, Circuit Judge:

Harry Leon Smith appeals his sentence for executing a scheme and artifice to defraud, and obtaining monies and funds by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344. Essentially, Smith was indicted for, and pled guilty to, running a check kiting scheme, and was sentenced to 18 months imprisonment and five years supervised release, and ordered to pay $269,049.40 in restitution.

In this appeal, Smith raises three issues. First, Smith contends that for purposes of determining the appropriate sentencing range the amount of loss was $35,500, rather than the $458,500 recommended in the presentence report. He argues that the government failed to establish that he had the requisite fraudulent intent for the charged offense when he deposited nine checks totaling $458,500 into his account at First Atlanta and drawn on his Federal Savings Bank ("FSB") account. Instead he argues that he is only responsible for $35,500 which he withdrew from First

Atlanta after FSB informed him that checks drawn on that account would not be honored.[1] Second, Smith contends that he should have received an additional one-level reduction for acceptance of responsibility under § 3E1.1(b) because he (1) timely provided complete factual information to the government, and (2) timely notified authorities of his intention to plead guilty. He argues that the court wrongfully refused to grant the additional one-level reduction because Smith's counsel objected to the amount of loss determination contained in the presentence report. Third, Smith argues that his offense level should not have been increased by two points for more than minimal participation because his withdrawal of $35,500 was a spur-of-the-moment impulse.

Under the facts of this case, we find no merit to Smith's arguments except for his claim that his lawyer's legal arguments should not preclude him from receiving a reduction for acceptance of responsibility under § 3E1.1(b) if he timely provided complete factual information to the government regarding his illegal actions.

Section 3E1.1 authorizes a two-point reduction in the base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," *see* U.S.S.G. § 3E1.1(a), and an additional one-point reduction if the defendant timely provides complete factual information to the government concerning his own involvement in the offense and/or timely notifies authorities of his intention to plead guilty, *see* U.S.S.G. § 3E1.1(b). The

[1]We find no merit to Smith's argument that for sentencing purposes the amount of loss should have been further reduced by the amount the bank recovered from collateral and other assets.

purposes of the acceptance of responsibility reductions permitted under § 3E1.1(a) and (b) are two-fold: first, timely acceptance of responsibility for one's own actions indicates a willingness and capacity for rehabilitation, and second, timely acceptance of responsibility saves the government the time and expense of going to trial. *See United v. De Leon Ruiz,* 47 F.3d 452, 455 (1st Cir.1995); *United States v. Eyler,* 67 F.3d 1386, 1390-91 (9th Cir.1995); *United States v. Hammick,* 36 F.3d 594, 600 (7th Cir.1994); *United States v. Hernandez,* 45 F.3d 437 (9th Cir.1994); *United States v. Sklar,* 920 F.2d 107, 115-16 (1st Cir.1990). Therefore, a defendant generally is not entitled to a reduction if he puts the government to its burden of proof by denying the essential factual elements of guilt. *See* U.S.S.G. § 3E1.1, comment. (n. 2). However, a defendant who admits factual guilt need not silently accept any punishment that the government chooses to mete out, however incommensurate with the underlying conduct. *See United States v. McConaghy,* 23 F.3d 351, 353-54 (11th Cir.1994) (defense counsel must be given a reasonable opportunity to properly investigate the charges and contest the legal basis for a conviction or sentence prior to admitting guilt). Otherwise, the constitutional rights to effective assistance of counsel and due process are illusory. Thus, although we confer a benefit on those who timely and completely acknowledge their wrongful acts, a defendant may not be denied a reduction under § 3E1.1 solely for exercising the right to challenge the legal propriety of his punishment under the criminal code and/or sentencing guidelines. In such a case, i.e., where a defendant admits factual guilt but

challenges a legal conclusion, a court still has discretion to order or deny a reduction depending on "the offender's recognition of the wrongdoing of his conduct, his remorse for the harmful consequences of the conduct, and his willingness to turn away from that conduct in the future." See U.S. v. Calhoon, 97 F.3d 518, 531 (11th Cir. 1996). However, it is impermissible to consider the challenge to the legal propriety of a sentence. See U.S.S.G. §3E1.1 cmt.2 ("[A] defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to <u>factual guilt</u> (e.g. to make a constitutional challenge to a statute or a <u>challenge to the applicability of a statute</u> to his conduct).") (emphasis added).

In this case, Smith timely confessed his involvement in the check kiting scheme. He admitted that he deposited nine checks totaling $458,500 into his account at First Atlanta Bank, which eventually were returned to First Atlanta as uncollected funds. He also admitted that he withdrew $35,500 from his account at First Atlanta after having been told that the checks drawn on his FSB account would not be honored. In the presentence report the probation officer recommended a total loss amount of $458,500, after determining that that figure represented the total amount of checks written by the defendant in the execution of his scheme to defraud. The probation officer also initially recommended a three-level reduction for acceptance of responsibility pursuant to

U.S.S.G. §§ 3E1.1(a) & (b). Thereafter, Smith's attorney objected to the recommended loss amount, arguing that Smith committed fraud, an essential element of the offense, only with respect to the $35,500 that he withdrew after having been informed that the checks he had deposited earlier would not be honored by FSB. Based upon counsel's objection, the probation officer rescinded its recommendation for a three-level acceptance of responsibility reduction and the sentencing court subsequently granted Smith a two-level decrease for acceptance of responsibility, rather than a three-level reduction.

To the extent that the court denied Smith a reduction for acceptance of responsibility because Smith's counsel objected to the presentence report on legal grounds, the court erred. If Smith admitted all the necessary facts of his scheme to the government, he should not be precluded from having counsel argue the *legal* effect of those facts to the sentencing court by risking the benefits derived by his candid admissions. Because we are unsure whether he admitted all the necessary facts, we remand to the district court to determine whether Smith was entitled to an additional one-level reduction in accordance with this opinion.

REMANDED.