United States Court of Appeals,

Eleventh Circuit.

No. 95-8120.

UNITED STATES of America, Plaintiff-Appellee,

v.

Harry Leon SMITH, III, Defendant-Appellant.

Oct. 31, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR-149), Richard C. Freeman, Judge.

Before HATCHETT, Chief Judge, TJOFLAT, ANDERSON, EDMONDSON, COX, BIRCH, DUBINA, BLACK, CARNES and BARKETT, Circuit Judges[*], and HILL[**], Senior Circuit Judge.

DUBINA, Circuit Judge:

I.

Appellant Harry Leon Smith, III, ("Smith") was indicted by a federal grand jury in the Northern District of Georgia in a one-count indictment. The indictment charged Smith with running a check-kiting scheme in violation of 18 U.S.C. § 1344. Initially, Smith entered a plea of not guilty to the indictment but later changed his plea to guilty. The probation officer recommended in her initial presentence report ("PSR") that Smith receive a three-level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[1] After Smith objected to several

---

[*]Judge Frank M. Hull was appointed after this case was orally argued, but was an active member of the court at the time the case was decided. She has elected not to participate in the decisional process.

[**]Senior U.S. Circuit Judge Hill elected to participate in this decision pursuant to 28 U.S.C. § 46(c).

[1]§ 3E1.1. *Acceptance of Responsibility*

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

paragraphs of the PSR, the probation officer withdrew her recommendation for the reduction. However, at sentencing, Smith still sought a reduction for acceptance of responsibility. The district court expressly found that Smith had not manifested acceptance of responsibility and denied Smith's request.

The district court determined that the base offense level was 15 and sentenced Smith to 18 months imprisonment, followed by five years of supervised release.[2] The government then pointed out that the correct offense level was 17, requiring a sentence in the 24-30 month range. The district judge admitted his error and granted a two-level reduction for acceptance of responsibility so that he would not be forced to increase the previously imposed 18 month sentence:

> I'll grant him the two-level decrease for acceptance of responsibility.... Because I've already imposed the 18 months' sentence and I hate to go back and change it and increase it. I don't mind reducing it, but I hate to increase it.

(R3-27-28). The district court's decision was not based on reconsideration of its finding that Smith failed to accept responsibility. The record clearly demonstrates that this award was based on the court's reluctance to increase Smith's sentence above the 18 month term of imprisonment which the court already had imposed. Thus, Smith received a two-level reduction that he did not deserve. Surprisingly, he appealed.

A panel of this court remanded the case to the district court. Concerned that the district court's decision to deny the § 3E1.1(b) reduction was based on Smith exercising his right to object to the PSR, the panel instructed the district court to consider whether Smith was entitled to an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). *United*

---

> (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

[2]The court also ordered that Smith pay restitution in the amount of $269,049.40 and imposed a $50.00 special assessment.

*States v. Smith,* 106 F.3d 350 (11th Cir.1997) (as amended).  This court then vacated that decision and ordered rehearing en banc.  *United States v. Smith,* 112 F.3d 473 (11th Cir.1997).

II.

The determination of whether a defendant has adequately manifested acceptance of responsibility is a flexible, fact sensitive inquiry.  *See Joiner v. United States,* 103 F.3d 961, 963 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 1857, 137 L.Ed.2d 1058 (1997);  *United States v. Scroggins,* 880 F.2d 1204, 1215 (11th Cir.1989).  The panel held that:

> [A] defendant may not be denied a reduction [in offense level for acceptance of responsibility] under § 3E1.1 solely for exercising the right to challenge the legal propriety of his punishment under the criminal code and/or sentencing guidelines....  [I]t is impermissible to consider the challenge to the legal propriety of a sentence.

*Smith,* 106 F.3d at 352.  With this language, the panel opinion went too far.  Our case law permits a district court to deny a defendant a reduction under § 3E1.1 based on conduct inconsistent with acceptance of responsibility, even when that conduct includes the assertion of a constitutional right.  *See United States v. Jones,* 934 F.2d 1199, 1200 (11th Cir.1991);  *United States v. Henry,* 883 F.2d 1010, 1011 (11th Cir.1989).  In addition, frivolous legal challenges could suggest to the district court that the defendant has not accepted responsibility for his conduct.  Therefore, we hold that a district court may consider the nature of such challenges along with the other circumstances in the case when determining whether a defendant should receive a sentence reduction for acceptance of responsibility.

In the present case, although Smith referred to his objections to the PSR as "legal objections based on legal arguments" (R3-15), the record does not support this characterization.  In fact, Smith, in his objections to the PSR, contended that he did not possess fraudulent intent with respect to both offense conduct and relevant conduct.  These objections were factual, not legal, and amounted to a denial of factual guilt.

The panel opinion remanded the case to the district court to determine whether Smith was entitled to an additional one-level reduction.  We see no need to remand this case for resentencing.

3

Smith received a windfall and clearly suffered no prejudice from the district court's sentencing error.[3]  Accordingly, we affirm Smith's sentence.

AFFIRMED.

HILL, Senior Circuit Judge, concurring separately, in which BARKETT, Circuit Judge, joins:

The opinion prepared for the court by Judge Dubina is a fine one.  Yet, it seems to me that it has more in it than does the case.[1]

Two equally correct propositions seem to be in contest.

First, I continue to believe that if a defendant admits his guilt and all acts, omissions or other doings charged against him by the government, he may not be denied whatever benefit results from acceptance of responsibility merely because, at sentencing, his lawyer argues that the government's lawyer is mistaken as to the application of the guidelines to these admissions.

Second, and on the other hand, a defendant may enter a guilty plea and admit all the alleged facts, yet argue at sentencing that, indeed, he is not guilty of the charged offense.  In this case, the sentencing judge may deny a benefit which would have followed acceptance of responsibility.

Insofar as the law is concerned, I *believe* that we are all in agreement.

The panel thought this case to be governed by the first proposition, above.  As I read it, I believe the full court holds that this case invokes the second proposition.

So be it.  It is a question to be ascertained by reading the record.  Being confident that the full court can read better than one of its panels, I concur.

---

[3]We note from the record in this case that the government did not appeal.  We assume that is because the government, under the terms of the plea agreement with Smith, agreed to recommend a reduction for acceptance of responsibility.  If the government had taken an appeal, however, we would vacate and remand Smith's sentence because, as previously stated, the district court did not sentence Smith within the correct guideline range.

[1]Or, as better said by Chief Justice Logan E. Bleckley of the Supreme Court of Georgia in *Lukens v. Ford*, 87 Ga 541, 13 S.E. 949 (1891): "In the ornithology of litigation this case is a tomtit furnished with a garb of feathers ample enough for a turkey."