United States Court of Appeals,

Eleventh Circuit.

No. 95-8397.

UNITED STATES of America, Plaintiff-Appellee,

v.

Donald W. WRIGHT, Defendant-Appellant.

Jan. 28, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR-274-1-ODE), Orinda D. Evans, Judge.

Before COX, Circuit Judge, and KRAVITCH and CLARK, Senior Circuit Judges.

OPINION ON REHEARING.

COX, Circuit Judge:

The court sua sponte grants rehearing as to the sentencing issue (and only as to the sentencing issue) addressed in its previous opinion, published at 117 F.3d 1265 (11th Cir.1997). Part II.D of that opinion, 117 F.3d at 1275-77, is accordingly vacated, and the following put in its stead.

Donald Wright was convicted following a plea of guilty to one count of possessing machine guns in violation of 18 U.S.C. § 922(*o* ) and one count of possessing unregistered destructive devices in violation of 26 U.S.C. § 5861(d). Wright requested, and the Government recommended as part of a plea bargain, that the district court adjust Wright's offense level downward for acceptance of responsibility under U.S.S.G. § 3E1.1. The court refused to do so. Wright asserts that the district court's refusal to adjust his offense level downward improperly penalized him for the constitutional

challenges he has asserted.[1]  We reject that contention for two reasons.

First, as we read the record, the district court's refusal rested mainly on the finding of fact that Wright's demeanor did not evince remorse.  In determining whether a defendant is entitled to an acceptance of responsibility adjustment, a district court may properly consider "the offender's recognition of the wrongfulness of his conduct, his remorse for the harmful consequences of that conduct, and his willingness to turn away from that conduct in the future."  *United States v. Scroggins,* 880 F.2d 1204, 1215 (11th Cir.1989).  In this case, the court observed from Wright's demeanor that

> within Mr. Wright's own frame of reference, he is sincere in a lot of the things that he said, but I just do not think Mr. Wright believes that he was a member of a militia whose mission was to protect the citizens of the state of Georgia against threats from outside.  I think Mr. Wright believes that he was a member of a group that was prepared to respond to whatever they perceived to be a threat or a problem.  I'm not convinced by his testimony that they believed that they were carrying out the law as opposed to being ready to resist it.

(R.3 at 23.)  These observations amount to factual findings that at the time of sentencing Wright was not remorseful and did not think that his conduct was wrong.  These findings are entitled to great deference and alone support the denial of a downward adjustment.  *See United States v. Hromada,* 49 F.3d 685, 689 (11th Cir.1995) ("A district court occupies the unique position to evaluate whether a defendant has accepted responsibility for his acts;  its determination is entitled to great deference on appeal.").

Second, even if the district court's conclusion rested *exclusively* on Wright's challenges to the constitutionality of his convictions, the district court's refusal to reduce Wright's offense level was permissible.  "Our case law permits a district court to deny a defendant a reduction under § 3E1.1 based on conduct inconsistent with acceptance of responsibility, even when that conduct

---

[1]These challenges, which rest on the Second and Ninth Amendments, are fully addressed in the court's previous opinion, 117 F.3d at 1268.

includes the assertion of a constitutional right." *United States v. Smith,* 127 F.3d 987, 989 (11th Cir.1997) (en banc); *see United States v. Henry,* 883 F.2d 1010, 1011 (11th Cir.1989) (holding that denial of § 3E1.1 reduction is not "impermissible punishment" for exercising Fifth or Sixth Amendment rights); *see also United States v. McDonald,* 935 F.2d 1212, 1222 (11th Cir.1991) (rejecting defendant's contention that § 3E1.1 "infringe[s] on his right to appeal because he was unable to express acceptance of responsibility for his deeds at the sentencing hearing while he anticipated bringing this appeal"); *United States v. Jones,* 934 F.2d 1199, 1200 (11th Cir.1991) ("[T]he court's consideration, at sentencing, of the defendants' denial of culpability at trial does not impermissibly punish the defendant for exercising his constitutional right to stand trial.").

For these reasons, we affirm Wright's sentence.[2]

REHEARING GRANTED IN PART;  OPINION VACATED IN PART;  AFFIRMED.

KRAVITCH, Senior Circuit Judge, dissenting:

The majority holds that the district court based its refusal to grant Wright a downward adjustment for acceptance of responsibility upon a finding that Wright did not show remorse, and the majority holds that, even if the district court denied the downward adjustment because Wright asserted a legal challenge to his conviction, the district court did not err.  Based upon the record, I cannot conclude that the district court denied Wright a downward adjustment because of a consideration of permissible factors such as his lack of remorse or insincerity, or even because of consideration of those factors along with Wright's legal challenges to the constitutionality of his indictment.  Rather, I interpret the record to show that the district court denied the downward adjustment solely because it did not accept Wright's counsel's purely legal argument, which was

---

[2]Nothing herein should be construed as modifying those portions of the previous opinions addressing issues other than the sentencing issue.

based upon facts that Wright truthfully had admitted. Because I believe that the majority has misinterpreted the record and, more importantly, has misapplied the law, I respectfully dissent.

## I.

Wright admitted immediately upon arrest that he possessed the machineguns, then led the agents to the location of these weapons, and subsequently consented to the search of his residence that resulted in the discovery of an additional machinegun and the three pipe bombs. After filing a motion to dismiss the indictment on constitutional grounds, Wright timely pleaded guilty to the offenses charged. Wright thus truthfully admitted the conduct comprising the offenses of conviction and did so at the time of his arrest, when he pleaded guilty, and at the time of sentencing. He also cooperated with law enforcement authorities and assured the district court that he had not possessed any weapons since his arrest. It is apparent from these facts that Wright presented "significant evidence" of acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (nn.1 & 3).

It was within the authority of the district court to conclude that this evidence was "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *See* U.S.S.G. § 3E1.1, comment. (n.3). In my view, however, the district court in this case did not rely upon permissible considerations in concluding that Wright's conduct was inconsistent with acceptance of responsibility. After listening to Wright testify at the sentencing hearing, the district court stated:

> This is a hard issue. I think within Mr. Wright's own frame of reference, he is sincere in a lot of the things that he said, but I just do not think Mr. Wright believes that he was a member of a militia whose mission was to protect the citizens of the State of Georgia against threats from the outside. I think Mr. Wright believes that he was a member of a group that was prepared to respond to whatever they perceived to be a threat or a problem. I'm not convinced by his testimony that they believed that they were carrying out the law as opposed to being ready to resist it. So, I will overrule the defendant's objection on the point regarding acceptance of responsibility.

(R3:23). Unlike the majority, I read these remarks to indicate that the district court denied Wright

a downward adjustment solely because it did not find his constitutional challenge meritorious. The district court apparently (and correctly) understood the Second Amendment to protect only the possession and use of firearms that is reasonably related to an official state militia. The district court further concluded that an official militia must be designed to protect the citizens of Georgia from outside threats and to carry out the law of Georgia and that Wright had made no showing that he belonged to such a group. Wright, in contrast, believed that the Second Amendment protected his conduct, and that belief formed the basis of his constitutional challenge to his conviction.

Contrary to the majority's suggestion, the district court made no finding that the defendant testified untruthfully about his militia involvement or that the defendant failed to show remorse. Rather, before listening to Wright's testimony at the sentencing hearing, the district court stated:

> I think what really bothers me in this case is that Mr. Wright has put forward through counsel an assertion that he believed he was entitled to possess all of these weapons, and apparently the pipe bombs as well because he thought he was a member of a militia, and, therefore, he thought he was constitutionally able to have these things. And that assertion that he is making through counsel to me is not credible, and that's what bothers me.... It appears to me that what has happened is counsel has identified some of the publications that seem to be consistent with the idea of defending one's countrymen, and you [counsel] have attempted to assert an argument building on his possession of those items.

(R3:5-6). The district court thus believed that Wright's legal claim that his conduct was protected by the Second Amendment lacked merit.

## II.

Despite the multi-faceted nature of the acceptance of responsibility determination, *see* U.S.S.G. § 3E1.1, comment. (n.1); *United States v. Calhoon,* 97 F.3d 518, 531 (11th Cir.1996), and the wide latitude afforded sentencing courts under this section, there are limits to a district court's discretion in deciding whether to grant a downward adjustment for acceptance of responsibility. Although, as we recently made clear, a "district court may consider the nature of [the defendant's legal challenges to his conviction] along with the other circumstances in the case when determining

whether a defendant should receive a sentence reduction for acceptance of responsibility," *United States v. Smith,* 127 F.3d 987, 989 (11th Cir.1997) (en banc) ("*Smith* "), an otherwise deserving defendant cannot be denied a reduction under § 3E1.1 *solely* because he asserts a legal challenge to his conviction that is unrelated to factual guilt.

In *Smith,* we held that a panel of this court had gone "too far" in concluding that "it is impermissible [for a district court] to consider [a] challenge to the legal propriety of a sentence" in denying a reduction in offense level for acceptance of responsibility. 127 F.3d at 989 (quoting *United States v. Smith,* 106 F.3d 350, 352 (11th Cir.1997) (as amended) ("*Smith I* ")). The original panel had erred, we concluded, in deciding that a district court *categorically* may not consider a defendant's legal challenge to a presentence report.[1] Because "frivolous legal challenges could suggest to the district court that the defendant has not accepted responsibility for his conduct" and because Smith's challenges to the probation officer's initial presentence report amounted to factual rather than legal contentions, *Smith,* 127 F.3d at 989, we concluded that the district court had properly considered Smith's challenges in determining whether he should receive a sentence reduction pursuant to § 3E1.1, *id.* We did not hold in *Smith,* nor has this circuit ever held, however, that a district court may rely *only* upon a defendant's legal challenge, such as a constitutional challenge to the statute defining the criminal conduct or a challenge to the applicability of the statute to his conduct, *see* U.S.S.G. § 3E1.1 comment. (n.2), in deciding not to grant a downward adjustment for acceptance of responsibility. Indeed, the defendant in *Smith* had challenged the *factual* predicate to his conviction, rather than its legal basis, *see Smith,* 127 F.3d at 989 ("These objections were factual, not legal, and amounted to a denial of factual guilt."), and thus the *Smith*

---

[1]The original panel had held that "[t]o the extent that the court denied Smith a reduction for acceptance of responsibility because Smith's counsel objected to the presentence report on legal grounds, the court erred." *Smith I,* 106 F.3d at 352.

court could not have held that a solely legal challenge by a defendant to his conviction may serve as a valid basis upon which to deny a downward adjustment for acceptance of responsibility.

Indeed, because such a holding would create constitutional infirmities in the Sentencing Guidelines, other circuits have concluded that legal challenges alone cannot form the basis for a denial of a downward adjustment for acceptance of responsibility. *See United States v. Purchess,* 107 F.3d 1261, 1267 (7th Cir.1997) (concluding that "district court should not deny the reduction for acceptance of responsibility because the defendant challenges a legal conclusion drawn from the facts the defendant admits"); *United States v. Fells,* 78 F.3d 168, 172 (5th Cir.) (holding that district court erred in denying reduction for defendant who "freely admitted all the facts but challenged their legal interpretation"), *cert. denied,* --- U.S. ----, 117 S.Ct. 134, 136 L.Ed.2d 82 (1996); *United States v. Broussard,* 987 F.2d 215, 224 (5th Cir.1993) (holding that district court erred in denying acceptance of responsibility adjustment when defendant admitted ownership of guns found in home and went to trial only to argue that statute did not apply to uncontested facts), *overruled on other grounds by J.E.B. v. Alabama,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *see also* U.S.S.G. § 3E1.1, comment. (n.2) (stating that defendant who does not plead guilty may nevertheless clearly demonstrate acceptance of responsibility if he goes to trial in order "to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct"); *cf. United States v. Peery,* 977 F.2d 1230, 1234 (8th Cir.1992) (affirming district court's refusal to grant adjustment for acceptance of responsibility because defendant contested factual guilt).

The other cases cited by the majority to support its conclusion that the district court did not err in denying a departure for acceptance of responsibility based upon Wright's "challenges to the constitutionality of his convictions" are inapposite. In *United States v. Henry,* 883 F.2d 1010, 1011 (11th Cir.1989), the court held that the acceptance of responsibility provision of the Sentencing

Guidelines does not violate the Fifth or Sixth Amendment, even though the provision may result in an unpleasant choice for a criminal defendant between taking the stand to assert his innocence and receiving a lesser sentence for acceptance of responsibility. *See United States v. McDonald,* 935 F.2d 1212, 1222 (11th Cir.1991) (describing the choice as "either forcing [the defendant] to confess to his own perjury or to forego taking the stand at trial to take advantage of [section 3E1.1]"). The court's conclusion that the very existence of the provision in the Guidelines does not unconstitutionally "chill[ ] the right of a defendant to defend himself" at trial, *Henry,* 883 F.2d at 1011, however, in no way suggests that a district court may refuse to grant a reduction in sentence for acceptance of responsibility solely because the defendant challenged the constitutionality of his *conviction.*[2]

The majority's reliance upon *United States v. Jones,* 934 F.2d 1199 (11th Cir.1991), likewise is misplaced. As the portion of the opinion cited by the majority makes clear, the court in *Jones* ruled that the district court properly refused to grant a departure for acceptance of responsibility where the defendants challenged the *factual* basis of their guilt. *See Jones,* 934 F.2d at 1200 (referring to the district court's consideration of "the defendants' *denial of culpability* at trial") (emphasis added). Indeed, in *Jones,* in sharp contrast to the case before us, the defendants "ceased their criminal activity only after they were arrested[,] ... maintained that they were innocent[,] ... challenged the credibility of the Government's witnesses [at trial,] and urged the jury to find them not guilty." *Id.* The portion of the opinion cited by the majority merely demonstrates that the *Jones* court followed *Henry* in concluding that section 3E1.1 "does not impermissibly punish the defendant

---

[2]*United States v. McDonald,* 935 F.2d 1212, 1222 (11th Cir.1991), also cited by the majority to support its conclusion that a district court may refuse to grant a downward departure based solely upon the defendant's legal challenges, merely followed *Henry* in rejecting the defendant's claim that "the sentencing guidelines infringe[d] his right to appeal."

for exercising his constitutional right to stand trial." *Jones,* 934 F.2d at 1200 (citing *Henry,* 883 F.2d at 1012). Moreover, unlike the majority opinion in the case before us, the court in *Jones* was careful to limit the authority of the district court to refuse to grant downward departures for acceptance of responsibility. *See Jones,* 934 F.2d at 1200 ("[A] district court may not refuse to grant a reduction under section 3E1.1 solely because a defendant has chosen to proceed to trial....").

### III.

Because the asserted legal argument did not relate to Wright's factual guilt, *see Smith,* 127 F.3d at 989, and because, based upon the sentencing colloquy, the district court does not seem to have relied upon any basis other than Wright's legal challenges to the constitutionality of his indictment, I would conclude that the district court erred in denying Wright a downward adjustment for acceptance of responsibility. I therefore would remand the case to the district court for reconsideration of this issue.

Accordingly, I respectfully DISSENT.