139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Fiona BEST, Defendant-Appellant.
 No. 97-30172.
D.C. No. CR-96-00607-1-WLD.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1998**.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Western District of Washington William L. Dwyer, District Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fiona Best appeals the sentence imposed under the Sentencing Guidelines following her guilty plea to conspiracy to commit bank fraud, mail fraud, and identification card fraud in violation of 18 U.S.C. § 371. Best argues that the district court: (1) erred in applying a four-level organizer role adjustment under U.S.S.G. § 3B1 .1(a); (2) failed to make sufficient findings and give adequate reasons to support the four-level increase based on her role in the offense; and (3) erred in withholding an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Best contends that the district court erred in applying a four-level organizer role adjustment under U.S.S.G. § 3B1.1(a). As there is ample evidence to support the trial court's conclusion that Best was an organizer of this criminal activity because she exercised organizational authority over at least one other participant, we reject this assertion.
 
 
 4
 Guideline section 3B1.1(a) provides that a defendant should receive a four-level upward adjustment if she "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The commentary to that section directs the court to consider a number of factors in determining a defendant's role in the offense:
 
 
 5
 [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 6
 U.S.S.G. § 3B1.1, commentary note 4. Best need not have exercised authority over at least five participants before the enhancement can be applied; rather, she must have controlled at least one other participant. Cf. United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993) (discussing enhancement under § 3B1.1(b)).
 
 
 7
 Best does not dispute that at least five persons were involved or that she had responsibility over assets, but she asserts that there was no evidence that she had any control or organizational authority over any other participants. See United States v. Avila, 95 F.3d 887, 892 (9th Cir.1996).
 
 
 8
 There was testimony at the sentencing hearing, however, that Best recruited at least two others to open bogus accounts; that she told others to open accounts; that she instructed them on how to fill out account applications and provided them with false identifications and names to use as references when filling out the applications; and that she provided others with worthless checks to deposit into their newly opened accounts. There was also testimony that once others received checks for their bogus accounts, Best asked for the checks, specifying which check numbers she wanted; that Best would accompany others when they used their checks; and that others would purchase things for Best with their checks. Based on these facts, there was no clear error in the court's determination that Best was an organizer of the criminal activity.[1]
 
 II
 
 9
 Best argues that the district court's findings were not sufficient to support a four-level increase based on her role in the offense. This argument lacks merit.
 
 
 10
 When a defendant alleges a factual inaccuracy in her presentencing report, the district court must make written findings of fact concerning any disputed matter upon which it relies in sentencing. United States v. Conkins, 9 F.3d 1377, 1387 (9th Cir.1993). The court found that Best "clearly was an organizer or leader" and that she "did recruit others and get them started, and there were at least five others involved in that way." The court also adopted the facts stated in the presentence report. Together these findings were sufficient to support the upward adjustment under § 3B1.1(a). Contrary to Best's assertions, the court was not required to identify which person or persons Best exercised organizational authority over, nor was it required to explain which aspect of Best's participation established that she controlled that person or exercised organizational authority over that person. See Ponce, 51 F.3d 820, 826 (9th Cir.1995) (district court need not make specific findings of fact in support of an upward role adjustment under § 3B1.1).[2]
 
 III
 
 11
 Finally, Best contends that the district court erred in withholding an additional one-level reduction based on timely acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). We disagree.
 
 
 12
 The Guidelines permit the district court to reduce a defendant's offense level by two if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). Additionally, the defendant is entitled to an additional one-level reduction if he establishes that he: (1) qualifies for the two-level decrease under subsection (a); (2) has an offense level of 16 or greater prior to the operation of subsection (a); and (3) has assisted authorities in the investigation and prosecution of his own misconduct by either (i) timely providing complete information regarding his involvement in the offense to the Government, or (ii) timely notifying the authorities of his intention to enter a guilty plea. § 3E1.1(b). Whether Best is entitled to an additional one-level adjustment for timely acceptance of responsibility under this section is a factual determination reviewed for clear error. United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994).
 
 
 13
 Best is precluded from receiving a reduction for acceptance of responsibility under § 3E1.1(b)(2) because she did not plead guilty until the eve of trial. See id. at 1413. She contends, however, that she gave timely notice of her intent to plead guilty, but was prevented from doing so by the government's refusal to enter a plea agreement without a simultaneous guilty plea by Harris. Thus, she argues that it is inappropriate to deny a reduction for responsibility based solely on the timing of her acceptance. See United States v. Johnson, 956 F.2d 894, 904-05 (9th Cir.1992).
 
 
 14
 However, the evidence shows that Best refused to plead guilty to Count 1 unless the government would agree that the loss was less than $70,000--a figure that was less than what the government believed it to be and less than the $104,614 the court found it to be. Best has not pointed to any case indicating that she was entitled to an additional one-level reduction under these circumstances.
 
 
 15
 Best's reliance on United States v. Guerrero-Cortez, 110 F.3d 647 (8th Cir.), cert. denied, __S. Ct.__, --- U.S. ----, 118 S.Ct. 604, 139 L.Ed.2d 492, 1997 WL 473954 (1997) is misplaced. Because the defendant in that case had at all times been ready to plead guilty to the amount of cocaine he was ultimately found to be responsible for, the Eighth Circuit held it was clearly erroneous to deny the acceptance of responsibility reduction. Id. at 654-56. In the instant case, by contrast, the court explicitly found that Best was responsible for an actual loss greater than that to which she offered to plead guilty. Therefore, the court did not clearly err in refusing to grant an additional one-level reduction based on timely acceptance of responsibility under § 3E1.1(b)(2).[3]
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Best's assertion that she was under the control of her husband and codefendant, Rogelle Harris, during the most prolific period of the conspiracy is misplaced as the conspiracy began, and Best was acting as an organizer, more than six months before Best met Harris. Additionally, the fact that one of Best's codefendants occupied a leadership role in the enterprise does not preclude Best from also occupying an organizational or leadership role as well. See United States v. Barnes, 993 F.2d at 685
 
 
 [2]
 United States v. McDowell, 918 F.2d 1004 (1st Cir.1990), and United States v. Lanese, 890 F.2d 1284, 1294 (2d Cir.1989), are not to the contrary. Those cases were remanded for specific findings as to the identities of the participants where it was unclear from the records that there was sufficient evidence to support the district courts' determinations as to the number of participants
 
 
 [3]
 Best's reliance on Johnson, 956 F.2d at 904, is also misplaced. Johnson was sentenced under the 1991 version of the Sentencing Guidelines. The 1991 Guidelines did not entitle a defendant to an additional one-level reduction for timely notifying authorities of his intent to plead guilty. Instead, the section provided that a defendant who accepted responsibility was entitled to a two-level reduction, "without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury." See U.S.S.G. § 3E1.1 (1991)
 Similarly, Best's reliance on United States v. Smith, 106 F.3d 350 (11th Cir.1996), is inappropriate as that decision was vacated by the Eleventh Circuit, United States v. Smith, 112 F.3d 473 (11th Cir.1997).