[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15717
Non-Argument Calendar

_____

D. C. Docket No. 04-00111-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO TAMAYO OLIVEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 9, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Eduardo Tamayo Oliveros appeals his 120-month sentence, which was imposed following his guilty plea to conspiring to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(ii), 846. For the first time on appeal, Oliveros argues that the district court erred by giving him notice that his continued objection to the amount of drugs attributable to him, an amount to which he had already agreed in his written plea agreement,[1] would result in the court's denial of an offense-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Oliveros suggests that the district court's notice impaired his Fifth and Sixth Amendment rights. After careful review, we affirm.

We review objections to sentencing issues raised for the first time on appeal for plain error. See United States v. Harness, 180 F.3d 1232, 1234 (11th Cir. 1999). To prevail under this standard, Oliveros must show "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.) (internal quotations and citations omitted), cert. denied, 125 S. Ct. 2935 (2005). "If all three conditions are met, an appellate court may then

---

[1] Oliveros's plea agreement contained an appeal waiver in which he waived his right to appeal the sentence, including on the ground that the district court had erred in calculating the Guidelines range, except on certain specified grounds. The government states that it has not filed a motion to dismiss this appeal because it is arguable that Oliveros's claim is not a challenge to his sentence, but rather a challenge to the district court's procedures at the sentencing hearing, and because it is unclear whether Oliveros seeks a new sentencing hearing, a revocation of his plea agreement, or some other form of relief. We give appellant the benefit of the doubt and address the merits of his claim, rather than dismissing the appeal based on the waiver, because: (1) there is an argument to be made that the appeal does not fall within the express terms of the waiver, as conceded by the government; (2) the government does not seek application of the waiver and has already expended the resources to brief the case on the merits; and (3) application of the waiver would not be outcome-determinative.

exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation and citation omitted).

Prior to sentencing, Oliveros signed a plea agreement in which he admitted that an element of the offense was "[t]hat the object of the unlawful plan was to possess with intent to distribute more than 5 kilograms of cocaine as charged." Moreover, at the plea colloquy, Oliveros described his participation in the underlying conspiracy, as follows: "I'm guilty. I talked to the CS [confidential source]. . . . And I was the one who talked to the CS to get them together and carry out the transaction. That's why I am guilty." He further explained, "The quantity was . . . what they actually had were three kilos. But I am guilty because it goes back to the fact that I talked first about ten, and then, later, five. But what we had was those three kilos."

According to the presentence investigation report ("PSI"), Oliveros offered to sell five kilograms of cocaine to a CS. During a recorded telephone conversation, when the CS indicated that he was interested in purchasing ten kilograms, Oliveros told the CS to "get ready" for the ten, in anticipation that it would be acquired. In another recorded telephone conversation, Oliveros told the CS that he was ready to deliver the first five kilograms, and that the other five

3

kilograms would be ready for delivery in the upcoming week. After meeting with the CS, Oliveros canceled the transaction, refusing to finalize delivery and attempting to leave the area. Oliveros subsequently was arrested and three kilograms of cocaine were found in a hidden storage area in the "engine block" area (under the hood) of the vehicle he was driving.

The PSI recommended a base offense level of 32 based on Oliveros's responsibility for ten kilograms of cocaine, U.S.S.G. § 2D1.1(c)(4), and a three-level reduction for acceptance of responsibility, U.S.S.G. §§ 3E1.1(a), 3E1.1(b). With an adjusted offense level of 29 and a criminal history category II, and taking into consideration the 120-month mandatory minimum of 21 U.S.C. § 841(b)(1)(A)(ii), Oliveros faced a Guidelines sentencing range of 120 to 121 months' imprisonment.

Oliveros objected to the assignment of responsibility for ten kilograms of cocaine, rather than three. Prior to the sentencing hearing, the district court issued a Notice to Counsel Regarding Sentencing ("Notice"), which informed Oliveros that he "should be prepared to discuss at the sentencing hearing why [he] should not lose the acceptance of responsibility deductions for his false or frivolous objection[] to the quantity of cocaine being at least the quantity to which he pled guilty." The Notice cited U.S.S.G. § 3E1.1, comment 1(a), which provides the

following: "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." At the sentencing hearing, Oliveros withdrew the objection. The district court imposed a 120-month term of imprisonment. This appeal followed.

Oliveros now argues that the district court's issuance of the Notice infringed on his right to argue at the sentencing hearing that he was responsible for an amount (three kilograms) that was below the amount to which he agreed in his plea agreement and at the plea colloquy. This argument has no merit since it is well-settled that a district court may "deny a defendant a reduction under § 3E1.1 based on conduct inconsistent with acceptance of responsibility, <u>even when that conduct includes the assertion of a constitutional right</u>." <u>United States v. Smith</u>, 127 F.3d 987, 989 (11th Cir. 1997) (<u>en banc</u>) (emphasis added) (upholding the denial of an acceptance of responsibility reduction based on the defendant's objections to the PSI). This is so because a defendant's false denial of relevant conduct is "inconsistent with the acceptance of responsibility." <u>United States v. Hernandez</u>, 160 F.3d 661, 667-68 (11th Cir. 1998). Thus, based on Oliveros's objection as to drug quantity, even if the objection was based on a constitutional right, the district court was free to deny an acceptance-of-responsibility reduction. If the district

court would not have erred by denying the acceptance of responsibility reduction altogether, we fail to see how the court committed <u>plain</u> error by warning Oliveros that he could lose the reduction, thereby giving Oliveros the opportunity to withdraw the objection and retain the benefit of the reduction. Accordingly, we affirm.

 **AFFIRMED.**