[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2011
JOHN LEY
CLERK

No. 10-14770
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00053-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORDERRIUS TERRELLE HUNT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 29, 2011)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Corderrius Terrelle Hunt appeals his conviction for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that the statute is

unconstitutional because it exceeds Congress's power under the Commerce Clause, and violates the Ninth and Tenth Amendments. After thorough review, we affirm.

We review the constitutionality of a statute de novo. United States v. Scott, 263 F.3d 1270, 1271 (11th Cir. 2001).

Here, as Hunt recognizes, his arguments are clearly foreclosed by our binding precedent. First, we have binding precedent squarely concerning 18 U.S.C. § 922(g)(1) that precludes his challenges to the statute's constitutionality on Commerce Clause and Tenth Amendment grounds. Id. at 1273-74 (reaffirming our holding that 18 U.S.C. § 922(g)(1) is a facially valid exercise of Congress' power under the Commerce Clause; Hiley v. Barrett, 155 F.3d 1276, 1277 (11th Cir. 1998) (affirming district court's conclusion, in National Ass'n of Gov't Employees, Inc. v. Barrett, 968 F.Supp. 1564, 1577-78 (N.D.Ga. 1997), that 18 U.S.C. § 922(g)(9) did not violate the Tenth Amendment because it was a valid exercise of Congress's Commerce Clause power);[1] see also New York v. United States, 505 U.S. 144, 174 (1992) (holding that a congressional act that is valid under the Commerce Clause does not violate the Tenth Amendment). In addition, since the Ninth Amendment does not provide an inherent right to self defense, 18 U.S.C. § 922(g)(1) cannot be unconstitutional on

_____

[1] Though Barrett addressed the constitutionality of 18 U.S.C. § 922(g)(9), this distinction makes no practical difference in addressing Tenth Amendment concerns.

2

these grounds. <u>See</u> <u>United States v. Wright</u>, 117 F.3d 1265, 1275 (11th Cir. 1997), <u>vacated in part on other grounds by</u> 133 F.3d 1412 (11th Cir. 1998). Indeed, the Tenth Circuit has persuasively rejected the argument that the specific statute at issue in this case violates the Ninth Amendment. <u>United States v. Baer</u>, 235 F.3d 561, 564 (10th Cir. 2000) (citing <u>Wright</u>, 117 F.3d at 1275). Accordingly, we affirm.

**AFFIRMED.**