[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12823

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

*versus*

MICHAEL CRAIG GORYCKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00004-CEM-DCI-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Michael Gorycki appeals his conviction by jury and his sentence for attempting to entice or induce a minor to engage in unlawful sexual activity.  He contends that his conviction should be reversed because the district court allegedly relied on the wrong definition of "induce" when instructing the jury and denying his motion for judgment of acquittal.  Regarding his sentence, he argues that the court improperly denied a reduction to his guideline range for acceptance of responsibility, and that it plainly erred in applying certain special conditions of supervised release.  After careful review, we affirm.

## I.

Gorycki was charged by indictment with one count of attempt to induce, persuade, or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b).  He pled not guilty and went to trial before a jury.

The trial evidence showed that Gorycki responded to a post on a pornography website's forum for "couples seeking man" that referenced "incest" and "taboo" and sought "like-minded and non-judgmental" friends.  The post was actually made by an undercover officer as part of a child-exploitation investigation.

During the ensuing conversation over an encrypted messaging service, the "father" claimed to "live together as a couple" with

his (fictional) 13-year-old daughter.  After briefly asking the father about his job, Gorycki turned the conversation to "incest things" and "doin' things . . . with your daughter."  The father said he was looking for "like-minded friends" and asked if Gorycki was "into young," noting that others "freak" when they find out his daughter is 13.  Gorycki said he was "cool with it" if she was not forced; he suggested being high would ease any nervousness; and he asked for a picture of the girl.  They discussed the sexual activities Gorycki wished to engage in with the child, and they agreed to meet up later that day at Gorycki's urging.  Throughout the conversation, Gorycki told the father to convey things to the child to help her feel comfortable, and the father purported to question his daughter in real time and gain her assent.  Gorycki also sent a pornographic video for the father to show his daughter in anticipation of their meeting.  When Gorycki arrived at the meeting location and told the father he was ready to engage in sexual activity with the child, he was arrested.  Gorycki then waived his *Miranda* rights and sat for an interview with officers on the scene.

The crux of Gorycki's defense was that his conduct did not qualify under § 2422(b) because he never attempted to persuade a child to do something she would otherwise not be inclined to do. In his view, the evidence at best showed that he attempted to have sex with a willing minor, which he maintained § 2422(b) did not prohibit.

In support of that defense, Gorycki had requested that the jury be instructed that the term "induce" in § 2422(b) meant

overcoming or transforming the will of a minor.  The district court denied this request as foreclosed by *United States v. Murrell*, 368 F.3d 1283, 1288 (11th Cir. 2004), which held that "induce" means simply "to stimulate the occurrence of" or to "cause." Accordingly, the court gave this Circuit's pattern instruction concerning "induce," which mirrored *Murrell*'s definition.  Gorycki also filed a motion for judgment of acquittal, making similar arguments about inducement, but the court denied the motion.  Ultimately, the jury found Gorycki guilty of violating § 2422(b).

In a presentence investigation report ("PSR"), a probation officer recommended a guideline range of 135 to 168 months of imprisonment based on a total offense level of 30 and a criminal history category of IV.  As relevant here, the probation officer declined to apply a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because Gorycki held the government to its burden of proof at trial.  The probation officer also recommended that, while on supervised release, Gorycki abide by additional search, financial, and sex-offender conditions.

In objections to the PSR and at sentencing, Gorycki argued that he should receive a reduction for accepting responsibility because he never denied the facts of his conduct.  Instead, he claimed that he challenged the applicability of the statute to his conduct only, and so was permitted to receive a reduction under Application Note 2 to § 3E1.1.  Application Note 2 states that in "rare situations" a defendant who is convicted by trial may nevertheless receive a reduction for acceptance of responsibility.

The district court overruled Gorycki's objection. The court noted that he had held the government to its burden of proof at trial on all elements, that he had not expressed any remorse for his conduct, and that the exception described in Application Note 2 applied only in "rare" circumstances. It therefore adopted the PSR's guideline calculations. Gorycki chose not to give a statement at sentencing. The court sentenced him to 160 months.

In addition to the prison sentence, the district court imposed a ten-year term of supervised release. Among the conditions of supervised release, the court prohibited Gorycki from incurring any new credit charges, opening additional lines of credit, or making major purchases without the approval of his probation officer. The court also required him to provide the probation officer access to any requested financial information. No fine or restitution was imposed, though. Gorycki did not object to any of the conditions of his supervised release.

## II.

Gorycki challenges his conviction on two grounds. First, he argues that the district court abused its discretion by refusing to give his requested jury instruction on the definition of "induce" under § 2422(b). Second, for similar reasons, he contends that the court should have granted his motion for judgment of acquittal because insufficient evidence supported his conviction.

We review for abuse of discretion a refusal to give a requested jury instruction, though we review the legal correctness of

an instruction *de novo*. *United States v. Mayweather*, 991 F.3d 1163, 1174–75 (11th Cir. 2021). We review *de novo* the denial of a motion for judgment of acquittal alleging insufficient evidence to sustain the verdict, viewing the evidence in the light most favorable to the government and drawing all reasonable factual inferences in favor of the jury's verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).

Section 2422(b) makes it a crime to attempt to "knowingly persuade[], induce[], entice[], or coerce[]" any minor to engage in unlawful sexual activity using interstate commerce. 18 U.S.C. § 2422(b). A conviction for attempt requires proof that the defendant (1) intended to cause assent on the part of the minor, and (2) took actions that constituted a substantial step towards causing assent. *United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir. 2011). The government need not prove "that he acted with the specific intent to engage in sexual activity," or that he took a substantial step "toward causing actual sexual contact." *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010).

In *Murrell*, we considered the definition of "induce" for purposes of § 2422(b) where the defendant communicated only through an adult intermediary. 368 F.3d at 1287. We acknowledged that induce could mean either "to lead or move by influence or persuasion; to prevail upon," or, alternatively, "to stimulate the occurrence of; cause." *Id.* (cleaned up). We ultimately endorsed the latter definition because the former would essentially render the term "persuade" superfluous. *See id.* And we held that the

defendant in that case acted with the requisite intent where he "communicated with an adult who he believed to be the father of a thirteen-year-old girl and who presumably exercised influence over the girl," and where his "agreement with the father, who was acting as an agent or representative, implied procuring the daughter to engage in sexual activity." *Id.*

To determine whether a defendant took a substantial step towards a violation of § 2422(b), we consider the totality of the defendant's conduct. *Lee*, 603 F.3d at 916. A substantial step occurs when "the defendant's objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability." *Murrell*, 368 F.3d at 1288. In *Murrell*, for example, we held that the defendant took a substantial step when he (1) made incriminating statements to an undercover officer; (2) traveled several hours to meet the girl at the hotel; and (3) brought with him a teddy bear, money to pay the father, and a box of condoms. *Id.*

Here, the district court did not err in refusing Gorycki's requested instruction on inducement or in denying his motion for judgment of acquittal. Gorycki points out that some other circuits have defined "induce" more narrowly than this Court, *see, e.g.*, *United States v. Hite*, 769 F.3d 1154, 1161, 1166–67 (D.C. Cir. 2014), and asks that we reconsider *Murrell*. But as a panel, we must apply *Murrell*'s holding, regardless of whether we agree with it. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating that "[a] prior panel's holding is binding on all subsequent panels" unless and until it is overruled by the Supreme Court or this

Court sitting *en banc*). And because the district court's jury instructions were consistent with *Murrell*, while Gorycki's requested instruction was not, no error occurred. *See Mayweather*, 991 F.3d at 1174–75.

Sufficient evidence also supports Gorycki's conviction for attempt under § 2422(b). Gorycki's argument on this point largely depends on his proposed definition of "inducement," which we have rejected. To the extent he argues there was insufficient evidence even under *Murrell*'s definition of "inducement," we disagree.

*Murrell* itself shows that Gorycki acted with the requisite intent to cause the minor's assent. As in *Murrell*, Gorycki "communicated with an adult who he believed to be the father of a thirteen-year-old girl and who presumably exercised influence over the girl." 368 F.3d at 1287. And his "agreement with the father, who was acting as an agent or representative," plainly involved "procuring the daughter to engage in sexual activity." *Id.* Regardless of whether the minor was a "willing participant," as Gorycki asserts, the evidence shows that he intended to cause the minor's assent by, among other things, telling the father to convey things to the child to help her feel comfortable about the future sexual encounter with him.

Gorycki also took a substantial step towards causing the minor's assent. He negotiated with the father the sexual activity he would engage in with the child, arranged to meet the father and child, sent a pornographic video to be shown to the child in

anticipation of their meeting, and then traveled to the meeting location ready to engage in sexual activity. Considered as a whole, this evidence was sufficient to constitute a substantial step under our precedent, even though, as Gorycki points out, he did not bring with him a gift or item "intended to create comfort," such as the teddy bear in *Murrell*. *See United States v. Farley*, 607 F.3d 1294, 1334 (11th Cir. 2010) (defendant's instructions to purported mother of minor to "groom" her daughter for sexual contact with him, and his trip to meet them, constituted a substantial step); *United States v. Yost*, 479 F.3d 815, 819–20 (11th Cir. 2007) (defendant's sending of sexually explicit messages and picture of his penis to purported underage girl, and his arrangement to meet her, were objective acts "strongly corroborat[ing]" culpability).

## III.

Next, Gorycki argues that the district court erred in refusing to apply a reduction for acceptance of responsibility at sentencing. He contends that his case fits within the exception described in Application Note 2 because he never contested the underlying facts, just the application of § 2422(b) to his conduct.

We review a district court's denial of an acceptance-of-responsibility adjustment under § 3E1.1 for clear error. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). Because the court is in a unique position to evaluate whether a defendant has accepted responsibility for his acts, this determination is entitled to great deference on review. *Id.* A district court's choice between

two reasonable views of the record does not amount to clear error. *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016).

The Guidelines provide for a two-level reduction in a defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a). In determining whether a defendant qualifies for the reduction, a court considers whether the defendant truthfully admitted the conduct supporting the offense and whether the defendant truthfully admitted or did not falsely deny any additional relevant conduct. *Id.* § 3E1.1 cmt. n.1. Ultimately, § 3E1.1 "is intended to reward those defendants who affirmatively acknowledge their crimes and express genuine remorse for the harm caused by their actions." *United States v. Carroll*, 6 F.3d 735, 740 (11th Cir. 1993).

Ordinarily, the adjustment does not apply when a defendant puts the government to its burden of proof at trial by denying the essential factual elements of guilt. U.S.S.G. § 3E1.1 cmt. n.2. But in "rare situations," a defendant may clearly demonstrate acceptance of responsibility even though he exercises his constitutional right to a trial. *Id.* According to Application Note 2, "This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.* In such a case, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.*

Here, the district court reasonably concluded that Gorycki did not clearly demonstrate acceptance of responsibility for his offense. Of course, that Gorycki went to trial does not preclude a reduction under § 3E1.1. And there is some support in the record for the view that he went "to trial to assert and preserve issues that do not relate to factual guilt," as described in Application Note 2—specifically to "challenge the applicability of a statute to his conduct" and whether he had the requisite intent based on his view of the legal definition of "inducement." Plus, his pretrial conduct—admitting the conduct in a post-arrest interview and assisting in the investigation by providing his cell phone password—was broadly consistent with acceptance of responsibility. *Id.*

Nevertheless, there is no clear error when the record supports the district court's view of the facts. *See Smith*, 821 F.3d at 1302. And the trial record here indicates that Gorycki's defense went beyond a narrow challenge to "the applicability of a statute to his conduct." He forced the government to meet its burden of proof on all elements during the two-day trial. In doing so, he minimized the facts of his conduct, claiming that the case was a "setup" and that he merely followed the lead of the fake "bad dad" and accepted an invitation to engage in sexual activity with a willing minor. Yet the messages themselves demonstrate that Gorycki took a much more active role in the conversation. He reached out to the officer; he steered the conversation to "doing things" with the daughter and described the sexual activities he had in mind; he asked for pictures; he pushed to meet up later that day; and he sent

a pornographic video to be shown to the child.  While Gorycki did not deny the messages at trial, his attempt to minimize his own conduct is not consistent with clearly accepting responsibility for that conduct.  Nor do we see any clear acknowledgement by Gorycki at trial—or on appeal—that he met *Murrell*'s definition of "inducement," even though he disagreed with that definition.

In addition, the district court also reasonably relied in part on the absence of any clear statement from Gorycki accepting responsibility or expressing remorse.  *See United States v. Wright*, 133 F.3d 1412, 1413–14 (11th Cir. 1998) (affirming the denial of a § 3E1.1 based in part on the defendant's lack of remorse at sentencing).  The PSR noted that Gorycki declined to give any statement accepting responsibility under advice of counsel.  He also declined to offer any statement along those lines at the sentencing hearing, or to admit that he had the intent required by *Murrell*.

For these reasons, we are not convinced that the district court clearly erred in denying Gorycki a reduction for acceptance of responsibility under § 3E1.1.

## IV.

We ordinarily review the imposition of special conditions of supervised release for an abuse of discretion. *United States v. Taylor*, 997 F.3d 1348, 1352 (11th Cir. 2021).  But we review unpreserved challenges for plain error. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015).  Gorycki admits that plain error review applies.

For an error to be "plain" enough to warrant relief under this standard, it must be "obvious and clear under current law." *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012). In other words, Gorycki "must show that some controlling authority"—such as a precedential decision or the language of a statute or rule—"clearly established that the court erred in imposing the challenged conditions." *Carpenter*, 803 F.3d at 1238–39.

In imposing special conditions of supervised release, "[t]he district court must consider what conditions best accomplish the purposes of sentencing." *United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009). Any special conditions imposed must be (1) reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the needs for deterrence, protection of the public, and rehabilitation of the defendant, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D); (2) not more restrictive than is reasonably necessary; and (3) consistent with pertinent policy statements of the Sentencing Commission. 18 U.S.C. § 3583(d)(1)–(3). But a special condition need not "be supported by each of the § 3553(a) factors" or "relate to the particular offense of conviction." *Taylor*, 997 F.3d at 1353.

Section § 5D1.3(d) of the Sentencing Guidelines outlines various special conditions and the circumstances in which the Sentencing Commission recommends their application. As relevant here, that section recommends prohibiting new debt obligations without prior approval "[i]f an installment schedule of payment of restitution or a fine is imposed." U.S.S.G. § 5D1.3(d)(2). Similarly,

it recommends requiring access to financial information "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine." *Id.* § 5D1.3(d)(3). In order words, both conditions are warranted if the court imposed some continuing payment obligation on the defendant. Nevertheless, § 5D1.3(d) states that these conditions "may otherwise be appropriate in particular cases."

Here, Gorycki has not shown that the district court plainly erred in imposing the two financial special conditions. No statute, rule, or precedential decision makes clear that application of these conditions was erroneous in the circumstances here. *See Carpenter*, 803 F.3d at 1238–39. While the policy statement did not expressly recommend application of the conditions—since the court did not impose any continuing payment obligation—it provides that special conditions "may otherwise be appropriate in particular cases." So we look to the other statutory requirements for imposing special conditions. *See* 18 U.S.C. § 3583(d)(1), (2).

Gorycki presents reasonable grounds for concluding that the special financial conditions are not reasonably related to the relevant § 3553(a) factors in this case. But even if he could show that the conditions were applied in error, that would not be enough to warrant relief because under plain-error review, the error must be "clear and obvious." Any error was not. The conditions did not need "to relate to the particular offense of conviction." *Taylor*, 997 F.3d at 1353. And the district court could have concluded that the financial conditions were reasonably necessary to monitor and

ensure Gorycki's compliance with other conditions of his supervised release, such as refraining from using or possessing a computer, smart phone, or similar device without his probation officer's approval.[1]  The financial conditions may make it less likely that Gorycki could obtain such a device without his probation officer's knowledge.

Furthermore, because the conditions do not prohibit any conduct so long as Gorycki receives his probation officer's prior permission, we cannot say that they are clearly more restrictive than necessary. Cf. *United States v. Zinn*, 321 F.3d 1084, 1093 (11th Cir. 2003) ("[T]he restriction in this case is not overly broad in that Appellant may still use the Internet for valid purposes by obtaining his probation officer's prior permission."). We also note that Gorycki may later seek to modify the conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(2).

In sum, Gorycki has not shown plain error in the imposition of the special financial conditions.

## V.

For the reasons stated above, we affirm Gorycki's conviction and sentence.

---

[1] That the district court did not elaborate on its grounds for imposing the financial conditions during the sentencing hearing does not, as Gorycki appears to suggest, violate due process.  Gorycki received notice of the condition and had an opportunity to object, and nothing in the record indicates that the district court relied on false information.

16                     Opinion of the Court                 21-12823

**AFFIRMED.**