[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16029
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00097-CR-TWT-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY REID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 28, 2007)**

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Reid appeals his convictions and sentences for conspiracy to

possess and possession with intent to distribute heroin, in violation of 21 U.S.C.

§§ 846 and 841, respectively. After a thorough review of the record, we affirm.

I. Background

Reid was charged along with Chinedu Odimgbe with conspiracy to possess and possession with intent to distribute heroin. Reid entered a guilty plea to both counts without a plea agreement. According to the factual proffer at the plea hearing, Reid and Odimgbe engaged in a drug transaction with a confidential informant, selling the informant 200 grams of heroin in exchange for $20,000. The transaction was recorded by the informant. Reid explained that he was working as security for Odimgbe at Odimgbe's direction, but that he was aware of the transaction. He otherwise admitted that the factual proffer was correct. Reid stated that he understood the charges against him and his right to a trial, and that he was pleading guilty freely and voluntarily. Defense counsel stated that she had explained to Reid that he would be debriefed by the government and could receive a favorable recommendation upon his cooperation. Counsel further stated that she had no doubt as to Reid's competency to enter a plea. The court confirmed that Reid understood that the sentencing determination would be left to the court. After confirming that Reid understood his rights and the nature of the charges against him, the court adjudicated Reid guilty.

Thereafter, Reid notified the court that he wished to withdraw his guilty

plea, alleging that counsel has mislead him and coerced him into pleading guilty, and he maintained his innocence. He asserted that he had requested that counsel hire an expert to analyze the audiotape from the transaction, but that counsel had refused. The court conducted a hearing into the allegations, at which Reid testified to the coercion. Counsel disputed the allegations, although she admitted that she put "a little pressure" on Reid to make a decision whether or not to enter the plea. She explained that the cost of an expert was prohibitive, especially in the absence of any reason to believe the tape was fabricated. The government argued that it would be prejudiced should the court permit Reid to withdraw his plea. The court denied Reid's motion to withdraw his plea.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 26 given the amount of drugs involved. The probation officer then recommended adding a two-level enhancement for leadership role, U.S.S.G. § 3B1.1(c), and denying reductions under the safety-valve provision, § 2D1.1(b)(7), and for acceptance of responsibility, § 3E1.1. With a total offense level of 28, and a criminal history category I, the resulting guideline range was 78 to 97 months; Reid also faced a 60-month mandatory minimum. Reid objected to the calculations.

At sentencing, the court heard testimony from several witnesses, including

Reid's codefendant. According to Odimgbe, Reid brought the heroin to Atlanta, negotiated the sale, and instructed Odimgbe to retrieve the drugs from the van where they were kept. Odimgbe testified that he acted at Reid's direction.

Reid also testified, contradicting Odimgbe's version of the transaction. The court denied the safety-valve and acceptance-of-responsibility reductions and applied the leadership enhancement, concluding that Reid was not truthful in his testimony. The court sentenced Reid to 85 months' imprisonment, explaining that it reached this sentence under 18 U.S.C. § 3553(a) based on Reid's false testimony and the degree and extent of his criminal conduct. Reid now appeals, challenging (1) whether the court should have permitted him to withdraw his plea; (2) whether the court should have directed defense counsel to obtain an expert to analyze the audiotape of the drug deal; (3) whether he was entitled to the safety-valve reduction; (4) whether the court improperly applied the leadership enhancement; (5) whether he was entitled to a reduction for acceptance of responsibility; and (6) whether the sentence imposed was reasonable.

III. Discussion

1. Withdrawal of Plea

We review the denial of a request to withdraw a guilty plea for an abuse of discretion. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). Thus,

in reviewing a district court's refusal to permit the withdrawal of a guilty plea, we defer to the court's application of the criteria set forth below, and we will reverse only if the court's ultimate conclusion is arbitrary or unreasonable. Id. at 1318.

Pursuant to Fed. R. Crim. P. 11(d), a court may permit a defendant to withdraw his plea before the court imposes a sentence for a fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a fair and just reason, the court evaluates the totality of the circumstances, including: (1) whether the defendant had close assistance of counsel; (2) whether his plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by withdrawal. Freixas, 332 F.3d at 1318 (citing United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988)). Further, the good faith, credibility, and weight of a defendant's assertions in support of his motion to withdraw are left to the district court to decide. Buckles, 843 F.2d at 472. Moreover, [t]here is a strong presumption that statements made during the [plea] colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show his statements [under oath] were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). We have also noted that a defendant cannot complain of coercion where his attorney used his best professional judgment to recommend that the

defendant plead guilty.  Buckles, 843 F.2d at 472.

Here, we conclude that Reid did not meet the heavy burden of showing a fair and just reason for withdrawal of his guilty plea.  The court properly found that: (1) Reid had close assistance of counsel in making his guilty plea; (2) the plea was knowing, voluntary, and free from coercion; (3) the government would be prejudiced by having to prepare for trial again if Reid were allowed to withdraw his plea; and (4) the interests of justice would not be served by the withdrawal.  Accordingly, the district court did not abuse its discretion by not allowing Reid to withdraw his guilty plea.

2. Expert

Because Reid did not raise this issue in the district court, we review for plain error.  United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).  To prevail under the plain error standard, the appellant must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  Id.

It is not the role of the district court to direct an attorney to make strategic trial decisions; trial tactics are for defense counsel to formulate.  Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991) (habeas context).  Accordingly, "unless there are exceptional circumstances or unless the attorney is so

6

incompetent as to deprive the defendant of the right to effective assistance of counsel," the attorney must be able to determine questions of strategy during trial, and her decisions "must be binding." Id. at n. 71 (internal citations and quotations omitted). A district court "overreache[s] its authority and infringe[s] upon the [attorney-client] relationship" when it directs trial strategy. Id. at 1495.

Additionally, while a defendant may be entitled to attack a conviction when funds to retain an expert are withheld, "[a] defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that the denial of expert assistance would result in a fundamentally unfair trial." Messer v. Kemp, 831 F.2d 946, 960 (11th Cir. 1987) (habeas context).

Here, defense counsel made a strategic decision not to retain an expert to analyze the audiotape and testify to the findings, and it was not the district court's role to direct her otherwise, particularly when there was no reason to question the authenticity of the audiotape. Moreover, even if the district court had erred, this would not satisfy the plain error standard because the error did not affect Reid's substantial rights or seriously affect the fairness of the judicial proceeding.

### 3. Safety-valve

We review a district court's safety-valve fact-finding for clear error. United

States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). Under the safety-valve provision, a district court shall impose a sentence without regard to any statutory mandatory minimum if a defendant convicted of certain drug crimes satisfies certain criteria, U.S.S.G. § 5C1.2, and also give a reduction in the defendant's offense level, U.S.S.G. § 2D1.1(b)(6). A defendant has the burden of proving his eligibility for this relief. Cruz, 106 F.3d at 1557. Section 5C1.2(5) "requires a defendant to both truthfully and fully disclose information within [his] knowledge relating to the crime for which [he] is being sentenced." United States v. Figueroa, 199 F.3d 1281, 1283 (11th Cir. 2000). A district court cannot apply the reduction if it determines that the defendant withheld or misrepresented information, even if the information would not have aided further investigation or prosecution if properly disclosed. See id. Moreover, a defendant who receives an enhancement for role in the offense is not entitled to receive the reduction. U.S.S.G. § 5C1.2(a)(4), comment. (n.5).

Here, the district court properly refused to apply the reduction because it concluded that Reid was not truthful in his interviews with the government or when he testified during sentencing, and because it found that Reid directed his accomplice's actions.

4. Role Enhancement

8

We review a district court's decision to enhance a defendant's offense level due to his aggravating role for clear error. United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). The guidelines provide for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). In distinguishing a leadership role, the district court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000). Moreover, responsibility for most of the preparation, planning, and details of the criminal operation is sufficient to support a § 3B1.1(c) enhancement. Phillips, 287 F.3d at 1058.

Here, the district court did not clearly err by assessing an aggravating-role enhancement because it found that Reid was the source of the heroin and had directed Odimgbe's actions during the offense.

5. Acceptance of Responsibility

We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." See United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). "A district court's determination that a defendant is not entitled to [a reduction for] acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." Id.

A defendant is entitled to a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). In determining whether a defendant qualifies for the reduction, a district court may consider the nature of the defendant's legal challenges to his conviction and sentence, along with the other circumstances of the case. United States v. Smith, 127 F.3d 987, 989 (11th Cir. 1997) (en banc). Factual objections to the sentence that amount to a denial of factual guilt are inconsistent with acceptance of responsibility. Id.

Here, the district court properly concluded that Reid's testimony during the sentencing hearing was false and argumentative. Although Reid pleaded guilty to participating in the drug transaction, he did not accept full responsibility for his role in the offense. Accordingly, the district court did not clearly err in finding that

10

Reid did not meet his burden of establishing that he had accepted personal responsibility.

6. <u>Reasonableness of Sentence</u>

We review the final sentence imposed by the district court for reasonableness. <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. <u>United States v. Williams</u>, 456 F.3d 1353, 1360-61 (11th Cir. 2006), <u>pet. for cert. dismissed</u>, 127 S.Ct. 3040 (2007). Unreasonableness may be procedural, when the court's procedure does not follow <u>Booker</u>'s[1] requirements, or substantive. <u>United States v. Hunt</u>, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

In order to impose a procedurally reasonable sentence, the district court must first correctly calculate the guidelines. <u>Talley</u>, 431 F.3d at 786. Second, the district court must consider the following factors, set forth in § 3553(a), to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the

---

[1] <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. Id. (citing 18 U.S.C. § 3553(a)). However, the court is not required to discuss each § 3553(a) factor, and "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in § 3553(a) is sufficient under Booker." Talley, 431 F.3d at 786. In fact, this court recently held that a district court need not provide a lengthy explanation when it imposes a guidelines sentence in a "typical case." United States v. Agbai, 497 F.3d 1226, 1229-1230 (11th Cir. 2007) (citing Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). Rather, the district court need only set forth enough to show that it "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id. at 1230.

Here, the district court explicitly considered Reid's denial under oath of the degree and extent of his criminal responsibility, and "all the facts and circumstances of the case." It further considered the § 3553(a) sentencing factors and stated that it was sentencing Reid in the middle of the guideline range because of the aggravating factors in the case that were not taken into account in the

12

calculation of the guideline range.  We agree with the district court that the sentence imposed was reasonable.

III. Conclusion

For the foregoing reasons, we AFFIRM Reid's convictions and sentences.

**AFFIRMED.**