934 F.2d 1199
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph JONES, Thomas Jones, Defendants-Appellants.
 No. 90-8628
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 June 27, 1991.
 
 Jack E. Boone, Augusta, Ga., for defendants-appellants.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before TJOFLAT, Chief Judge, FAY and BIRCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants appeal the guideline sentences they received for distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Each appellant contends that the district court erred in refusing to reduce his offense level for acceptance of responsibility in accordance with Sentencing Guidelines Sec. 3E1.1 (Nov. 1, 1989). We find no error and affirm both sentences.
 
 
 2
 Appellants contend that the court based its refusals to reduce their offense levels on their decisions to proceed to trial, i.e., their choices to exercise a constitutional right. The Government, responding, contends that the court refused to grant the reductions because appellants failed to satisfy the court that they had, indeed, accepted responsibility for their criminal conduct.
 
 
 3
 When appellants were sentenced,* guideline 3E1.1 provided that a defendant who clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct would be entitled to a two-level reduction of his base offense level. The commentary noted that:
 
 
 4
 A defendant may manifest sincere contrition even if he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).
 
 
 5
 Sentencing Guidelines Sec. 3E1.1 application note 2 (Nov. 1989). The burden of proof in this issue rests with the defendant. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir.1989).
 
 
 6
 Neither appellant met this burden. Appellants ceased their criminal activity only after they were arrested. From that time onward, they maintained that they were innocent; at trial, they challenged the credibility of the Government's witnesses and urged the jury to find them not guilty. The jury, of course, rejected appellants' pleas of innocence and found them guilty of distribution of cocaine base. Although they subsequently admitted to a probation officer that they "sold drugs," they expressed no remorse for their actions. Given these circumstances, the court found that appellants had failed to demonstrate acceptance of responsibility.
 
 
 7
 To the extent that appellants challenge the court's factual findings, their challenges are meritless. The comments to section 3E1.1 in effect when appellants were sentenced stated that due to the sentencing judge's "unique position to evaluate" whether a defendant sufficiently demonstrated acceptance of responsibility, the judge's determination was entitled to "great deference" on review; it would not be disturbed unless it was "without foundation." United States v. Campbell, 888 F.2d 76, 78 (11th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990) (quoting Sentencing Guidelines Sec. 3E1.1 application note 5 (Nov.1989)). Because the district court's findings here are amply supported by the record, they are not "without foundation" and consequently are affirmed.
 
 
 8
 To the extent that appellants challenge the application of section 3E1.1 to their case, their challenges are legally unsupported. While a district court may not refuse to grant a reduction under section 3E1.1 solely because a defendant has chosen to proceed to trial, such a choice may be considered by the court as one factor among many in determining whether the defendant has actually accepted responsibility for his conduct. See United States v. Castillo-Valencia, 917 F.2d 494, 501 (11th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1321, 113 L.Ed.2d 253 (1991). Moreover, the court's consideration, at sentencing, of the defendants' denial of culpability at trial does not impermissibly punish the defendant for exercising his constitutional right to stand trial. United States v. Henry, 883 F.2d 1010, 1012 (11th Cir.1989).
 
 
 9
 Here, the court made it clear that it was not treating appellants' election to go to trial as automatically disqualifying them from a reduction under section 3E1.1. Specifically, the judge stated that the fact that the defendants went to trial did not necessarily mean that they would get no credit for acceptance of responsibility.
 
 
 10
 Finding no merit in appellants' challenges, we affirm their sentences.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Appellants were sentenced on June 15, 1990, prior to the November 1990 amendments to the sentencing guidelines