[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-8397

_____

D. C. Docket No. 1:94-CR-274-1-ODE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD W. WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 28, 1998)**

Before COX, Circuit Judges, KRAVITCH and CLARK, Senior Circuit Judges.

OPINION ON REHEARING

COX, Circuit Judge:

The court sua sponte grants rehearing as to the sentencing issue (and only as to the sentencing issue) addressed in its previous opinion, published at 117 F.3d 1265 (11th Cir. 1997). Part II.D of that opinion, 117 F.3d at 1275-77, is accordingly vacated, and the following put in its stead.

Donald Wright was convicted following a plea of guilty to one count of possessing machine guns in violation of 18 U.S.C. § 922(*o*) and one count of possessing unregistered destructive devices in violation of 26 U.S.C. § 5861(d). Wright requested, and the Government recommended as part of a plea bargain, that the district court adjust Wright's offense level downward for acceptance of responsibility under U.S.S.G. § 3E1.1. The court refused to do so. Wright asserts that the district court's refusal to adjust his offense level downward improperly penalized him for the constitutional challenges he has asserted.[1] We reject that contention for two reasons.

First, as we read the record, the district court's refusal rested mainly on the finding of fact that Wright's demeanor did not evince remorse. In determining

[1] These challenges, which rest on the Second and Ninth Amendments, are fully addressed in the court's previous opinion, 117 F.3d at 1268.

whether a defendant is entitled to an acceptance of responsibility adjustment, a district court may properly consider "the offender's recognition of the wrongfulness of his conduct, his remorse for the harmful consequences of that conduct, and his willingness to turn away from that conduct in the future." *United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir. 1989). In this case, the court observed from Wright's demeanor that

> within Mr. Wright's own frame of reference, he is sincere in a lot of the things that he said, but I just do not think Mr. Wright believes that he was a member of a militia whose mission was to protect the citizens of the state of Georgia against threats from outside. I think Mr. Wright believes that he was a member of a group that was prepared to respond to whatever they perceived to be a threat or a problem. I'm not convinced by his testimony that they believed that they were carrying out the law as opposed to being ready to resist it.

(R.3 at 23.) These observations amount to factual findings that at the time of sentencing Wright was not remorseful and did not think that his conduct was wrong. These findings are entitled to great deference and alone support the denial of a downward adjustment. *See United States v. Hromada*, 49 F.3d 685, 689 (11th Cir. 1995) ("A district court occupies the unique position to evaluate whether a defendant has accepted responsibility for his acts; its determination is entitled to great deference on appeal.").

Second, even if the district court's conclusion rested *exclusively* on Wright's challenges to the constitutionality of his convictions, the district court's refusal to reduce Wright's offense level was permissible. "Our case law permits a district court to deny a defendant a reduction under § 3E1.1 based on conduct inconsistent with acceptance of responsibility, even when that conduct includes the assertion of a constitutional right." *United States v. Smith*, 127 F.3d 987, 989 (11th Cir. 1997) (en banc); *see United States v. Henry*, 883 F.2d 1010, 1011 (11th Cir. 1989) (holding that denial of § 3E1.1 reduction is not "impermissible punishment" for exercising Fifth or Sixth Amendment rights); *see also United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991) (rejecting defendant's contention that § 3E1.1 "infringe[s] on his right to appeal because he was unable to express acceptance of responsibility for his deeds at the sentencing hearing while he anticipated bringing this appeal"); *United States v. Jones*, 934 F.2d 1199, 1200 (11th Cir. 1991) ("[T]he court's consideration, at sentencing, of the defendants' denial of culpability at trial does not impermissibly punish the defendant for exercising his constitutional right to stand trial.").

For these reasons, we affirm Wright's sentence.[2]

---

[2] Nothing herein should be construed as modifying those portions of the previous opinions addressing issues other than the sentencing issue.

4

REHEARING GRANTED IN PART; OPINION VACATED IN PART; AFFIRMED.