COX, Circuit Judge,
specially concurring in part and dissenting in part.
I join those parts of the court’s opinion that reject Wright’s Commerce Clause and Ninth Amendment challenges. I do not join that part of the court’s opinion that addresses Wright’s Second Amendment challenge, but I concur in the result on the Second Amendment issue.
I dissent from the holding that the district court erred in denying Wright an adjustment for acceptance of responsibility. As the court recognizes, in determining whether a defendant is entitled to an acceptance of responsibility adjustment, a district court may properly consider “the offender’s recognition of the wrongfulness of his conduct, his remorse for the harmful consequences of that conduct, and his willingness to turn away from that conduct in the future.” United States v. Scroggins, 880 F.2d 1204, 1215 (11th Cir.1989). The district court premised its denial of an adjustment on a factual finding that Wright did not recognize that his conduct was wrong and was not sincerely remorseful. The court said:
I think within Mr. Wright’s own frame of reference, he is sincere in a lot of the things that he said, but I just do not think Mr. Wright believes that he was a member of a militia whose mission was to protect the citizens of the state of Georgia against threats from outside. I think Mr. Wright believes that he was a member of a group that was prepared to respond to whatever they perceived to be a threat or a problem. I’m not convinced by his testimony that they believed that they were carrying out the law as opposed to being ready to resist it.
(R.3 at 23.) An individual’s subjective intent or belief is not relevant to the merits of a Second Amendment challenge. Consequently, the district court’s comments are properly read as findings that at the time of sentencing Wright did not think that his conduct was wrong and was not remorseful. Since these findings are entitled to great deference, I would affirm the district court’s denial of an adjustment for acceptance of responsibility. See United States v. Hromada, 49 F.3d 685, 689 (11th Cir.1995) (“A district court occupies the unique position to evaluate whether a defendant has accepted responsibility for his acts; its determination is entitled to great deference on appeal.”).
Moreover, even taking as true the court’s conclusion that Wright was denied a reduction “because [the district court] did not believe that his constitutional challenge was meritorious,” ante, at 1276, there was no error. I disagree with the holding that “[a]n otherwise deserving defendant cannot be denied a reduction under § 3E1.1 solely because he asserts a challenge to his conviction that is unrelated to factual guilt, such as a constitutional challenge to the statute.... ” Ante, at 1275. Our case law allows a district court to deny a defendant a reduction under § 3E1.1 based on conduct inconsistent with acceptance of responsibility, even when that conduct includes the assertion of a constitutional right. See United States v. Henry, 883 *1278 F.2d 1010, 1011 (11th Cir.1989) (holding that denial of § 3E1.1 reduction is not “impermissible punishment” for exercising Fifth or Sixth Amendment rights). See also United States v. McDonald, 935 F.2d 1212, 1222 (11th Cir.1991) (rejecting defendant’s contention that § 3E1.1 “infringe[s] on his right to appeal because, he was unable to express acceptance of responsibility for his deeds at the sentencing hearing while he anticipated bringing this appeal.”); United States v. Jones, 934 F.2d 1199, 1200 (11th Cir.1991) (“[T]he court’s consideration, at sentencing, of the defendants’ denial of culpability at trial does not impermissibly punish the defendant for exercising his constitutional right to stand .trial.”).