[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2008
THOMAS K. KAHN
CLERK

No. 06-10528

_____

D.C. Docket No. 05-10020-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE M. GONZALEZ-COCA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 17, 2008)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

A federal grand jury in the Southern District of Florida indicted Jose M. Gonzalez-Coca ("Appellant") in an eight count indictment. The indictment charged in part and Appellant ultimately pled guilty in a written plea agreement to smuggling aliens into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(I) and assault with a dangerous weapon upon a U.S. Coast Guard officer while in the performance of his duties in violation of 18 U.S.C. §§ 111(a) and (b). The probation officer recommended in her presentence investigation report (the "PSI") dated December 1, 2005, that Appellant receive a three-level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[1] After Appellant objected in writing to several facts contained in portions of the PSI describing Appellant's assault on the U.S. Coast Guard officer, the probation officer in a revised PSI dated December 21, 2005, withdrew her recommendation

---

[1] § 3E1.1. *Acceptance of Responsibility*

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

for an acceptance of responsibility reduction.

At sentencing, Appellant continued through his attorney to assert many of his written objections to the PSI. The government responded to Appellant's objections by noting that Appellant had agreed to the factual proffer in support of the plea agreement, which admitted many of the facts to which he now objected. Even so, at sentencing, Appellant's counsel again argued each of the objections raised in his written objections to the PSI. After extensive questioning by the district court and facing the requirement to provide some form of proof as support, Appellant's counsel withdrew most of the objections.

The district court ultimately denied Appellant's request for the reduction on the basis that he had not demonstrated an acceptance of responsibility. Based on Appellant's offense level and advisory sentencing guideline range of 87 to 108 months, which took into account an injury suffered by a U.S. Coast Guard officer during the chase and arrest, and after considering the factors set forth in 18 U.S.C. § 3553(a), the court sentenced Appellant to 97 months of imprisonment.[2] This appeal followed.

DISCUSSION

---

[2] The district court also sentenced Appellant to three years of supervised release, and ordered him to pay $34,427 in restitution and a $200 special assessment.

Appellant raises two issues on appeal with respect to his sentencing. First, Appellant claims the district court abused its discretion when it denied him an acceptance of responsibility reduction based solely on the objections made by his counsel. Second, Appellant claims the district court violated his constitutional rights by enhancing his sentence based on an injury to a U.S. Coast Guard official that was neither charged in the indictment nor proven to a jury beyond a reasonable doubt.

## I. Appellant's Denial of Acceptance of Responsibility

Appellant argues the district court erred by finding that he had failed to demonstrate an acceptance of responsibility based solely on his objections to the PSI. We review a district court's factual findings at sentencing for clear error. *See United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). A factual finding is clearly erroneous if the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Mullens*, 65 F.3d 1560, 1563-64 (11th Cir. 1995) (quoting *United States v. Edmondson*, 791 F.2d 1512, 1514-15 (11th Cir. 1986)).

The district court judge's determination under § 3E1.1 is entitled to great deference because "[t]he determination of whether a defendant has adequately manifested acceptance of responsibility is a flexible, fact sensitive inquiry."

*United States v. Smith*, 127 F.3d 987, 989 (11th Cir. 1997); *see United States v. Query*, 928 F.2d 383, 386 (11th Cir. 1991). The Sentencing Guidelines provide for a two-level reduction in offense level only if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).[3] Therefore, "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 1(a)).

The probation officer withdrew her recommendation for an acceptance of responsibility reduction because Appellant objected to the PSI and denied relevant facts surrounding his assault through the ramming of his boat upon the U.S. Coast Guard vessels. Even though Appellant pled guilty to the charges and did not contest the factual predicate offered by the government, the subsequent objections made by his counsel to factual elements of the charges led the district court, and the probation officer, to conclude that he demonstrated a failure to accept responsibility. *See United States v. Wilson*, 884 F.2d 1355, 1356-57 (11th Cir. 1989) (affirming district court's agreement with PSI where PSI recommended against a reduction for acceptance of responsibility and defendant offered no

---

[3] An additional one-level reduction may be obtained if the defendant qualifies for the two-level reduction and meets other requirements. *See* U.S.S.G. § 3E1.1(b).

evidence of acceptance of responsibility at sentencing).

Finding at least three of Appellant's factual objections to be frivolous, the district court viewed Appellant's objections as a failure to accept responsibility. *See Smith*, 127 F.3d at 989 ("[F]rivolous legal challenges could suggest to the district court that the defendant has not accepted responsibility for his conduct."). The district court was in a unique position to evaluate Appellant's acceptance of responsibility and to determine whether the denial of essential factual elements of the offense was inconsistent with an affirmative acceptance of responsibility. To the extent that Appellant argues that the objections were made by his attorney, not by him, and that he should not be penalized for the actions of his attorney, we note that our case law permits a district court to deny a defendant a reduction under § 3E1.1 based on any conduct inconsistent with acceptance of responsibility, even when that conduct includes the assertion of a constitutional right. *See United States v. Jones*, 934 F.2d 1199, 1200 (11th Cir. 1991); *United States v. Henry*, 883 F.2d 1010, 1011 (11th Cir. 1989).

In this case, Appellant stood silent during the entire sentencing hearing while the objections were argued by his attorney. Appellant did not address the district court when asked whether he wished to say anything before the sentence was imposed. *See United States v. Stubbs*, 944 F.2d 828, 836-37 (11th Cir. 1991)

6

(affirming application of acceptance of responsibility reduction where attorney rather than defendant read statement accepting responsibility). It is not clear error to conclude that Appellant failed to clearly demonstrate an acceptance of responsibility for his offense when he stood silent while his counsel frivolously contested facts constituting relevant conduct and essential elements of his offense. Accordingly, we conclude that the district court did not err in denying Appellant a reduction in his offense level for acceptance of responsibility.

II. Enhancement Based on Injury to Coast Guard Official

Appellant argues for the first time on appeal that the district court violated his Fifth Amendment and Sixth Amendment rights by increasing his sentence within the advisory Sentencing Guidelines range based on an injury to a U.S. Coast Guard official that was neither charged in the indictment nor proven to a jury beyond a reasonable doubt. We conclude that the district court did not violate Appellant's Fifth Amendment and Sixth Amendment rights by enhancing his offense level based on an injury that was first reported in the PSI.

Sentencing objections raised for the first time on appeal are reviewed under the plain error doctrine to avoid manifest injustice. *See United States v. Hansley*, 54 F.3d 709, 715 (11th Cir. 1995). For the Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial

rights.  *See United States v. Olano*, 507 U.S. 725, 731-35, 113 S. Ct. 1770, 1776-78 (1993); *United States v. Vazquez*, 53 F.3d 1216, 1221 (11th Cir. 1995).

A sentencing court violates a defendant's constitutional rights if it enhances a defendant's sentence beyond the statutory maximum based on facts that were not proven to a jury beyond a reasonable doubt or expressly admitted by the defendant.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000).  The Supreme Court has explained that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  *Blakely v. Washington*, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 2537 (2004).  Since *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), "the various top ranges of the [Sentencing] Guidelines are no longer binding, and therefore, no longer constitute 'little relevant maximums.'"  *United States v. Duncan*, 400 F.3d 1297, 1303 (11th Cir. 2005).  As a result, the relevant maximum sentence is the one set out in the United States Code.  *See id.; United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005).

In this case, the district court clearly did not enhance Appellant's sentence beyond the relevant statutory maximum.  Appellant's 97-month sentence is well below the 20-year statutory maximum set out in 18 U.S.C. § 111(b).  Because the

8

district court did not rely on the injury to enhance Appellant's sentence beyond the statutory maximum provided in the U.S. Code, the injury did not need to be charged in the indictment or proven to a jury beyond a reasonable doubt.

## CONCLUSION

For the reasons discussed above, the district court's judgment is AFFIRMED.