[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

No. 08-15573
Non-Argument Calendar

_____

D. C. Docket No. 06-00172-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HYACINTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 18, 2010)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

John Hyacinth appeals his convictions and 120-month total sentence for his participation in a mortgage fraud scheme.[1] No reversible error has been shown; we affirm.

Hyacinth argues that the district court abused its discretion when it dismissed a juror who said he had a hardship because the court did not inquire adequately into the juror's circumstances. We review a district court's decision to remove a juror for abuse of discretion. United States v. Register, 182 F.3d 820, 839 (11th Cir. 1999). And we review the exercise of discretion to ensure that the district court did not "discharge the juror without factual support, or for a legally irrelevant reason so as to amount to a showing of bias or prejudice to the defendant." United States v. Puche, 350 F.3d 1137, 1152 (11th Cir. 2003) (citation omitted).

Here, at the start of the government's case-in-chief, the juror explained to the district court that he was a sole proprietor and both of his employees were unable to work the week Hyacinth's trial began because of family situations and, thus, that he faced a financial hardship if forced to continue on the jury. The court

_____

[1]Hyacinth was indicted on and convicted of 16 counts, including conspiracy, bank loan application fraud, mail fraud, wire fraud, and bank fraud.

concluded that the juror did not wish to participate and would not be cooperative due to the financial hardship he would suffer if he remained on the jury. On this record, we cannot say that the district court abused its discretion in dismissing the juror: the court had adequate information about the juror's reasons for seeking to be excused and a sufficient factual basis existed for the court's decision. Nothing suggests that the decision was based upon bias or prejudice to Hyacinth. See id.[2]

We now address Hyacinth's sentencing arguments. Hyacinth challenges the district court's imposition of a sophisticated means enhancement, U.S.S.G. § 2F1.1(b)(6)(C). We review for clear error the finding and imposition of a sophisticated means enhancement. United States v. Robertson, 493 F.3d 1322, 1329-30 (11th Cir. 2007).

A two-level enhancement is warranted if the offense in question "involved sophisticated means." U.S.S.G. § 2F1.1(b)(6)(C).[3] The guidelines explain "sophisticated means" as especially complex or intricate offense conduct pertaining to the execution or concealment of the offense. See U.S.S.G. § 2F1.1, comment. (n.18) (explaining that "[c]onduct such as hiding assets or transactions,

---

[2]Hyacinth argues that the court's presumption that the excused juror did not want to participate was incorrect because the juror told the court that he did not "have a problem" and was glad to participate. But the juror's statement was made in response to the court telling the juror that he may be called to serve as a juror in a future case, not in Hyacinth's case.

[3]The 2000 Sentencing Guidelines were used to calculate Hyacinth's sentencing range.

3

or both, through the use of fictitious entities, corporate shells, or offshore bank accounts . . . ordinarily indicates sophisticated means").

Here, Hyacinth actively participated in a large mortgage fraud scheme that involved (1) the use of straw borrowers to hide the true beneficiaries of loans, (2) obtaining fraudulent appraisals to receive the loans, and (3) creating a variety of false documents to hide the fraudulent nature of the beneficiaries of the loan. Hyacinth personally recruited straw borrowers and created false documents about these borrowers. See United States v. Campbell, 491 F.3d 1306, 1316 (11th Cir. 2007) (in terms of sophistication of concealment, concluding that there was no difference between hiding assets or transactions through the use of fictitious entities, corporate shells, or offshore financial accounts and hiding assets or transactions through the use of a straw man or campaign fund). Hyacinth clearly contributed to the elaborate execution and concealment of the fraud in the large and lengthy scheme.[4] See United States v. Clarke, 562 F.3d 1158, 1166 (11th Cir. 2009) (noting the three-year length of the conspiracy in determining that the sophisticated means enhancement was appropriate). We see no clear error in the district court's application of the sophisticated means enhancement.

---

[4]The scheme lasted for 15 months, and involved over 27 properties (with respect to just Hyacinth) and 13 codefendants and 22 parties in related cases who either pleaded or were found guilty.

Hyacinth also argues that he received a higher sentence because of his refusal to enter into pretrial stipulations. He contends that he was punished for exercising his constitutional rights, in violation of due process. To succeed on a claim that an impermissible factor affected the sentence, "the party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 128 S.Ct. 558 (2007). "A sentence may be substantively unreasonable when the district court . . . bases the sentence on impermissible factors[.]" United States v. Pugh, 515 F.3d 1179, 1191-92 (11th Cir. 2008) (citation omitted).[5] "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of" 18 U.S.C. § 3553(a). United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006).

Under section 3553(a), a district court can consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to

[5]We review the substantive reasonableness of a sentence for an abuse of discretion. Gall v. United States, 128 S.Ct. 586, 597 (2007).

avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

At sentencing, the district court rejected Hyacinth's request for a non-guideline sentence and imposed a sentence near the top of the guidelines range.  In doing so, the court noted that Hyacinth's role in the extensive scheme was that of a "recruiter, organizer, leader, and manager" and that, unlike his co-defendants in similar roles, he did not cooperate with the government and refused to accept responsibility.  And as part of this refusal to accept responsibility, the court noted that Hyacinth refused to stipulate to anything at trial, including the authenticity of several business records.  This refusal to stipulate forced the government to call several records' custodians to authenticate the records, thus resulting in a lengthy and costly trial.

The district court considered no impermissible factor in sentencing Hyacinth.  A sentencing court "cannot consider against a defendant any constitutionally protected conduct." United States v. Rodriguez, 959 F.2d 193, 197 (11th Cir. 1992).  But a sentencing court can consider a defendant's denial of culpability.  See United States v. Jones, 934 F.2d 1199, 1200 (11th Cir. 1991) (concluding that the denial of an acceptance of responsibility reduction, U.S.S.G. § 3E1.1, did not impermissibly punish a defendant for exercising his constitutional right to stand trial).  And a sentencing court also is entitled to consider a

defendant's failure to cooperate without violating defendant's due process rights. See United States v. Malekzadeh, 855 F.2d 1492, 1498 (11th Cir. 1988). Thus, the court did not punish Hyacinth for exercising his constitutional rights. The court was permitted to consider Hyacinth's denial of culpability and lack of cooperation; and his refusal to stipulate was reflective of both of these things.[6] The court also considered Hyacinth's history and characteristics in imposing sentence, permissible section 3553(a) factors.

AFFIRMED.

---

[6]Hyacinth argues that his lawyer, not him, refused to stipulate at trial and that he was punished for the acts of a third party. If this matters, the contention is belied by the record: Hyacinth refused to enter into stipulations about the authenticity of business records, despite his lawyer's apparent recommendation that such stipulations be accepted.