[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14572
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60181-BB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RHONDA PEGGY GITTENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 5, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Rhonda Peggy Gittens appeals her convictions and 75-month total sentence

for conspiring to defraud and commit an offense against the United States, in

violation of 18 U.S.C. § 371; aggravated identity theft, in violation of 18 U.S.C. §

1028A(a)(1); and possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4). On appeal, she argues that: (1) the district court misapplied the law when it dismissed her motion to withdraw her guilty plea; and (2) the district court plainly erred at sentencing when it denied a reduction in her offense level based on acceptance of responsibility. After careful review, we affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). District court findings concerning acceptance of responsibility are ordinarily reviewed for clear error. United States v. Calhoon, 97 F.3d 518, 531 (11th Cir. 1996). However, when a defendant does not object to an issue in front of the district court, we review only for plain error. United States v. Siegelman, 786 F.3d 1322, 1330 (11th Cir. 2015). To prevail under the plain-error standard, a defendant must show (1) that there was an error, (2) that it was plain, and (3) that it affected his substantial rights. United States v. Felts, 579 F.3d 1341, 1344 (11th Cir. 2009). Even if all three requirements are met, we may exercise our discretion to correct the error only if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Gonzalez, 834 F.3d 1206, 1218 (2016).

First, we are unpersuaded by Gittens's claim that the district court misapplied the law when it dismissed her motion to withdraw her guilty plea. The Federal Rules of Criminal Procedure provide that a defendant may withdraw a plea

2

prior to sentencing if the defendant can show a "fair and just reason" for requesting a withdrawal. Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has met her burden to show that a plea should be withdrawn, the district court may consider the totality of the circumstances surrounding the plea, including: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw the plea. United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988). There is a strong presumption that the statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Here, we find no merit to Gittens's argument that the district court used an incorrect standard in evaluating her motion to withdraw her guilty plea. For starters, the totality-of-the-circumstances test from Buckles is a proper means for the district court to evaluate whether the defendant met her burden under Rule 11, and that is the test the district court applied. See Buckles, 843 F.2d at 472; Fed. R. Crim. P. 11(d)(2)(B). Moreover, during the hearing on the motion, the district court said that asking about the merits of the case was relevant to whether Gittens could show a fair and just reason for the withdrawal of her guilty plea, and later said that Gittens had the burden under Rule 11 to show a fair and just reason to

3

withdraw.  These comments reveal that the court properly considered the "fair and just" standard of Rule 11.  See Fed. R. Crim. P. 11(d)(2)(B).

In addition, when the district court applied the totality-of-the-circumstances test and denied Gittens's motion to withdraw her guilty plea, it did not abuse its discretion.  See McCarty, 99 F.3d at 385.  As for the first prong of the test, the record reveals that Gittens received close assistance of counsel from her attorney.  See Buckles, 843 F.2d at 472.  Indeed, Gittens admitted, under oath at the plea hearing and at the motion hearing, that she had reviewed the case with her attorney during three in-person meetings and in several e-mails, had received discovery and other filings before pleading guilty, and was satisfied with his representation.  The attorney also testified that he had discussed the case with her and had reviewed the plea agreement with her before the hearing.

As for the second prong, the record supports the district court's determination that the plea was knowing and voluntary.  Among other things, the district court informed Gittens of the statutory sentencing range, the effect of the guidelines, and the rights she waived by pleading guilty.  Gittens conceded at the plea hearing that no one forced her to plead guilty, that she was in fact guilty, and that she agreed with the facts presented.  There is a strong presumption that all her statements at the plea colloquy were true.  See Medlock, 12 F.3d at 187.  And she does not even argue on appeal that her plea was not knowing and voluntary.

4

As for the third and fourth parts of the test, the government argued at the hearing on the motion to withdraw that it would be difficult to gather witnesses and evidence for two trials, and that judicial resources would not be conserved by allowing Gittens to proceed to two different trials.  Gittens does not address either of these two prongs on appeal.

In short, the district court had discretion to apply the Buckles totality-of-circumstances test to Gittens's request to withdraw her plea.  On the record before us, it did not abuse its discretion by focusing on the first two factors over the second two, or in determining that there was no fair and just reason to permit withdrawal.  See McCarty, 99 F.3d at 385; Fed. R. Crim. P. 11(d)(2)(B).

We also are unconvinced by Gittens's claim that the district court plainly erred at sentencing when it denied a reduction in her offense level based on acceptance of responsibility.  Section 3E1.1 provides that, if the defendant clearly demonstrates acceptance of responsibility for the offense, the offense level should be decreased by two.  U.S.S.G. § 3E1.1(a).  Additionally, upon motion of the government stating that the defendant has assisted authorities by timely notifying authorities of her intention to plead guilty, thereby permitting the government to avoid trial and permitting the government and the court to allocate their resources efficiently, the offense level may be decreased by one.  Id. § 3E1.1(b).

5

A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility. United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). Although a guilty plea will constitute significant evidence of acceptance of responsibility, the evidence may be outweighed by conduct that is inconsistent with acceptance. United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997); U.S.S.G. § 3E1.1 comment (n.3).

Because Gittens did not challenge the district court's failure to apply a reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b), we review only for plain error. See Siegelman, 786 F.3d at 1330. Here, the record shows that despite her initial guilty plea, Gittens later moved to withdraw the guilty plea. Because this conduct is inconsistent with acceptance of responsibility, we cannot say that these facts clearly establish that Gittens accepted personal responsibility. See Sawyer, 180 F.3d at 1323; Lewis, 115 F.3d at 1537. Thus, the district court did not plainly err by failing to apply the reduction.

Finally, as for Gittens's argument that U.S.S.G. § 3E1.1 is unconstitutional because it pressures defendants to plead guilty, she has not raised a valid constitutional argument. In United States v. Henry, 883 F.2d 1010, 1010–12 (11th Cir. 1989), we held that the denial of a § 3E1.1 reduction is not impermissible punishment for the exercise of Fifth or Sixth Amendment rights. We explained

6

that § 3E1.1 may affect how criminal defendants choose to exercise their constitutional rights, but not every burden on the exercise of a constitutional right and not every encouragement to waive a right is invalid. Id. at 1011. We've also said that the district court's consideration, at sentencing, of the defendants' denial of culpability at trial does not impermissibly punish the defendant for exercising her constitutional right to stand trial. United States v. Jones, 934 F.2d 1199, 1200 (11th Cir.1991). Thus, because we've already held that § 3E1.1 is not unconstitutional, we affirm. See Henry, 883 F.2d at 1101; Jones, 934 F.2d at 1200.

   **AFFIRMED**.